No. 2487

First Circuit

———

JOUBAN v. MAYER

———

(January 9, 1929. Opinion and Decree.)

———

Cline and Plauche, of Lake Charles, and Ped C. Kay, of DeRidder, attorneys for plaintiff, appellant.

Robert J. O'Neal, of Shreveport, attorney for defendant, appellee.

ELLIOTT, J. Mike Jouban claims to be the owner of a parcel of land described as "lying in the N. W. corner of lot 7 of the Shirley subdivision of the town of De-Ridder, having a front of 158 feet and 8 inches on Warren Street, thence running east 275 feet and 8 inches between parallel lines, containing one acre more or less," by purchase from Raymond A. Mayer. That through mutual error and mistake on the part of said Mayer and himself, in passing the act of sale, the title was made to call for only 108 feet and 8 inches front on Warren Street; the result being, that a frontage of fifty feet by a depth of 275 feet 8 inches on the south side of the lot was not discovered by the description. He alleges, in case the error was not mutual, that then it was produced in the act by the fraud of the seller in furnishing a mis-description of the property to the notary, thereby deceiving the notary as well as the petitioners. He prays that the act be re-formed, so as to cover all the property which he purchased.

The defendant denies that there is error in the act, in the matter of description, and denies the fraud alleged against him.

The evidence on the subject of error and fraud is in the main, the statements of the plaintiff affirming, and of the defendant in denying the fact, There were several other witnesses, but their testimony does not have important bearing on the issue.

No weight was given by the lower court to the testimony of two witnesses called by plaintiff to support his statements, nor to

one called by the defendant to show a verbal extra judicial admission on the part of the plaintiff against his contention in the suit.

Plaintiff's actions and his testimony show that he believed he had bought the entire body of land which he alleges that he bought, and which contains 158 feet 8 inches front on Warren Street. It is shown that immediately after the sale, he planted fruit trees and trimmed shrubbery growing on the fifty feet not included in the act, and had the ground plowed. The defendant testifies that he did not notice these acts. It seems to us, however, that he must have been aware of what plaintiff was doing, but he says not.

The defendant furnished the notary the description of the property; it is a certain specified frontage and it can not by any language used in the act be held to refer to anything more or less than the particular parcel of land specifically described.

Acts often state that the property sold is all or part of the same that the seller had acquired by a certain act, but it is not always done. In this case the defendant testifies that the frontage specified in the act is all that he intended to sell and all that his contract with the plaintiff provided for; that there was no mistake ,on that subject nor fraud on his part in the description furnished the notary. The defendant was not present when the act was signed. The notary started to read it to the plaintiff at the time he was about to sign it, but he stopped the reading, saying it was not necessary. It is our belief that the act calls for all that the defendant intended to sell and all that he understood his contract with the plaintiff called for.

The act is presumed to be correct. It requires convincing evidence to show that, through error and mistake, it does not cover all that both the parties intended that it should.

We think the case was correctly decided in the lower court.

Judgment affirmed. Plaintiff and appellant to pay the cost in both courts.